UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | Case No. 11-CR-20129 |
| Plaintiff, | Case No. 11-CR-20066 |
| v. | |
| | HON. ROBERT H. CLELAND |
| DAVID RANDY DROZDOWSKI, et al. | |
| Defendant. | |

**GOVERNMENT'S RESPONSE AND BRIEF OPPOSING DEFENDANTS' SUPPLEMENT TO THE MOTION IN LIMINE TO EXCLUDE PHOTOS**

The United States of America, by and through its attorneys, BARBARA L. McQUADE, United States Attorney, SAIMA S. MOHSIN and ERIC M. STRAUS, Assistant United States Attorneys for the Eastern District of Michigan, and JEROME M. MAIATICO, Trial Attorney for the U.S. Department of Justice, hereby responds to defendant DAVID DROZDOWSKI's supplement to his motion, on behalf of all Trial Group 1 defendants, asking to exclude certain photographs of a victim's injuries and testimony that the victim has died. The Court should deny the motion. The photographs are highly probative of the government's required proofs of force and violence and provide essential corroboration to the eyewitness testimony. The photographs are not excessively gruesome or inflammatory; they merely provide a contemporaneous view of the

manner and extent of the victim's injuries. Further, testimony regarding the fact and timing of the victim's later death is relevant, and not unfairly prejudicial, because it explains to the jury why the victim is not testifying and demonstrates the thoroughness of the government's investigation.

## BRIEF IN SUPPORT

**THE COURT SHOULD DENY THE MOTION TO EXCLUDE PHOTOS OF THE VICTIM'S INJURIES AND TESTIMONY ABOUT HIS DEATH BECAUSE THEIR PROBATIVE VALUE IS NOT SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE**

DROZDOWSKI, on behalf of all defendants in Trial Group 1, moves to exclude photographs of a victim's injuries, claiming that the photographs are not relevant; and he moves to exclude testimony that the victim has died, arguing that that fact is unfairly prejudicial. His motion is without merit. The victim is identified as Person MM in Count 36, which charges Assault in Aid of Racketeering Activity, in violation of 18 U.S.C. §§1959(a)(3), 2, and is also the individual identified in paragraph 200 of the Overt Acts in Count 1, which charges Racketeer Influenced Corrupt Organizations (RICO) – Conspiracy, in violation of 18 U.S.C. §1962(d). In January 2012, DROZDOWSKI and another Devils Diciples member brutally assaulted Person MM, a handicapped man who they believed to be a member of a rival motorcycle gang, at a bar in Chesterfield Township, Michigan. As a result of the assault, Person MM sustained two

2

fractures to his jaw, and other, long lasting injuries. Person MM later died on August 25, 2012.

The photographs of Person MM's injuries are highly relevant to the elements that the government must prove in Count 36.[1] An Assault in Aid of Racketeering requires, among other things, proof that the defendant committed or assisted in an assault resulting in serious bodily injury upon the victim in violation of state law. 18 U.S.C. §§ 1959(a)(3), 2; Michigan Penal Code §§ 750.84, 767.39. The jury should have the opportunity to consider the extent of the injuries when deciding whether the defendant intended to inflict serious bodily harm. *See* Michigan Model Criminal Jury Instruction § 17.7 ("[I]f there was an injury, you may consider it as evidence in deciding whether the defendant intended to cause great bodily harm.").

Indeed, the Sixth Circuit has approved the admission of much more gruesome photographs than those at issue here when the photographs were relevant to prove the manner and extent of injuries to a victim. *See, e.g., Biros v. Bagley*, 422 F.3d 379, 391 (6th Cir. 2005) (finding no error in admission of photos depicting victim's severed head because they were probative of intent, relevant to show extent of injuries, and were accompanied by a cautionary instruction); *United*

---

[1] The photographs are also highly probative of the required elements in Count 1 – RICO Conspiracy, because they are relevant to the purposes of the racketeering enterprise, they help prove one of the overt acts in the conspiracy, and they help demonstrate the extent to which Devils Diciples members will go to maintain control over their territory through acts of violence.

3

*States v. Brady*, 595 F.2d 359, 361-62 (6th Cir. 1979) (finding no error in admission of photos of victim's dead bodies lying in a pool of blood where highly probative of elements of the crime).

In *United States v. McClain*, No. 94-3192, 1995 U.S. App. LEXIS 12955 (6th Cir. May 25, 1995), for example, the government admitted photographs of head wounds sustained by a bank customer during an armed robbery. The Court found that the probative value of the photographs outweighed any unfair prejudice because the pictures were relevant to the required elements of force and violence, they were not "excessively 'gory,'" and they corroborated the testimony of eyewitnesses. *Id*. at *8.

Similarly, here, the photographs of Person MM's injuries are relevant to the required proofs, they are not excessively gruesome or inflammatory, and they provide key corroboration to the testimony of individuals who were present at the Chesterfield Township bar and witnessed the brutality of the assault. The photographs would also rebut DROZDOWSKI's expected claim that Person MM's injuries were a result of merely "one punch." No matter how many individuals witnessed the assault, it is essential that the government be allowed to corroborate their testimony, particularly when defense counsel will have the opportunity to attack the witnesses' credibility, memory, and recollection of the events that night.

Further, testimony regarding the fact and timing of Person MM's death is relevant, and not unfairly prejudicial, because it explains to the jury why the victim is not testifying and demonstrates the thoroughness of the government's investigation.  *See United States v. Rivera–Gómez*, 67 F.3d 993, 997-98 (1st Cir. 1995) (finding evidence of a victim's death admissible because, among other things, it avoided the "risk that the jury, if uninformed of [the death], would engage in speculation as to why the prosecution did not offer his testimony at trial."); *United States v. Saldarriaga*, 987 F.2d 1526, 1531 (11th Cir. 1993) (finding it proper for the court to inform the jury on the death of a key witness because "[i]f the court had not so informed the jury, the jurors might well have concluded that [the witness's] expected testimony was so clearly not credible that the government decided not to call him. This would have impermissibly prejudiced the government."); *United States v. Accetturo*, 966 F.2d 631, 637 (11th Cir. 1992) ("The fact that [the victim] had died was relevant to explain the fact that [the victim] did not testify. Had the jury not been told, they might well have incorrectly concluded that [the victim] was incarcerated or was afraid to testify . . . ."); *United States v. Williams*, 2008 WL 1990452, at *1 (M.D. Fla. May 5, 2008) (finding evidence that victim died was relevant because it "presents a complete picture of the alleged offense and explains why a key witness is not testifying.").

Limited testimony regarding the fact and timing of Person MM's death is not unfairly prejudicial. Even if DROZDOWSKI's assault may have been a contributing factor to Person MM's death, the government does not intend offer any evidence suggesting such a link, nor does the government intend to otherwise introduce the cause of death. Indeed, testimony of Person MM's death is not prejudicial, but rather favorable to the defense because such testimony avoids the negative inference that Person MM is absent because of threats or witness tampering by the defendants. Person MM is equally unavailable to both the government and the defense – and testimony regarding the reason for Person MM's absence allows both parties to avoid a negative inference and explain to the jury why they will not be hearing from this key witness.

## **CONCLUSION**

For all of the reasons stated above, DROZDOWSKI's motion should be denied.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney


*s/ Saima S. Mohsin*
SAIMA S. MOHSIN
ERIC M. STRAUS
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100
Saima.Mohsin@usdoj.gov
Eric.Straus@usdoj.gov


JEROME M. MAIATICO
Trial Attorney
U.S. Department of Justice
1301 New York Avenue, N.W.
Room 703
Washington, D.C. 20530
(202) 615-8125
jerome.maiatico@usdoj.gov

Dated:  October 7, 2014

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                          s/ Saima Mohsin
                                          Assistant United States Attorneys
                                          211 W. Fort Street, Suite 2001
                                          Detroit, MI 48226
                                          (313) 226-9100
                                          Saima.Mohsin@usdoj.gov