**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

   Plaintiff,

v.              Criminal No.  11-20129

DAVID RANDY DROZDOWSKI, et al.,

   Defendants.

             /

**ORDER GRANTING IN PART MOTION FOR ADDITIONAL TIME TO REVIEW AND**
**SUPPLEMENT PRO SE MOTION AND TERMINATING WITHOUT PREJUDICE**
**DEFENDANT'S MOTION TO HOLD PROCEEDING IN ABEYANCE**

Before the court is a motion to vacate filed pro se by Defendant David Drozdowski pursuant to 28 U.S.C. § 2255. (ECF No. 2667.) After the filing of the motion, an attorney filed an appearance on behalf of Defendant, and now moves for additional time to review and supplement the pro se motion. (ECF No. 2672.) The government opposes the motion, arguing that Defendant has had a year from the denial of the writ of certiorari to hire an attorney and that it is not clear if a new attorney can add anything else to Defendant's "fairly comprehensive" § 2255 motion. (ECF No. 2667, PageID.45662.)

While the court agrees that the motion was delayed, the court does not find that it is untimely. In his reply, Defendant adequately explains that time was needed for Defendant's family to raise funds, interview, and hire a private attorney for Defendant. (ECF No. 2678, PageID.45665-68.) Moreover, there has been no prejudice identified that will be experienced were the court to allow the additional time. Indeed, often by

allowing an attorney to review and amend the pleadings, the case can be streamlined for more efficient disposition. The court will accordingly grant the motion and allow Defendant's new attorney approximately 90 days to review the pro se § 2255 motion.

However, the court will not allow the pro se motion to be merely "supplemented," as that would create confusion on the docket. Now that Defendant has retained an attorney, he must act through that attorney. The court will not entertain motions filed simultaneously by both counsel and pro se. Any motion filed pro se will be terminated and counsel is directed to review the pro se filing to determine if there is merit to pursue the requested relief. Likewise, while additional time is granted to review the pro se motion, should counsel determine to amend or narrow the issues, counsel is directed to file a "refreshed § 2255 motion," which will SUPPLANT, not supplement, the prior motion. Accordingly,

IT IS ORDERED that Defendant's motion for additional time (ECF No. 2672) is GRANTED IN PART and Defendant is allowed until October 12, 2023 to review Defendant's pro se § 2255 motion. On or before October 12, 2023, Defendant shall file a document either (1) stating that no amendments are needed to the original motion or (2) refreshing and SUPPLANTING the original pro se motion. If Defendant opts for the second option, the original pro se motion will not be reviewed and the government will be directed to file a response solely to the refreshed motion.

IT IS FURTHER ORDERED that Defendant's motion requesting that the § 2255 proceeding be held in abeyance (ECF No. 2676), filed pro se *after* Defendant's counsel filed an appearance, is TERMINATED WITHOUT PREJUDICE. Defense counsel is

instructed to review the pro se filing and determine whether to pursue any issues raised therein by filing the appropriate motion.

Finally, IT IS ORDERED that Defendant Drozdowski is DIRECTED to cease filing pro se motions while represented by counsel. Having now retained an attorney, he must rely on that attorney.


s/Robert H. Cleland
Robert H. Cleland
United States District Judge

Dated:   July 12, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 12, 2023, by electronic and/or ordinary mail.

s/Kim Grimes
Deputy Clerk

S:\Cleland\Cleland\CHD\Criminal\DD\11-20129.DROZDOWSKI.AdditionalTime.chd.docx

3